(85 South. 576)

JOHNSON v. STATE.   (6 Div. 589.)

(Court of Appeals of Alabama.   Feb. 10, 1920. Rehearing Denied April 18, 1920.)

1. CRIMINAL LAW ⊕⊃1036(1) — OBJECTIONS SHOULD BE MADE AT THE TIME QUESTIONS ARE ASKED.

Specific objection should be made to each objectionable question, and motion made to exclude the answer thereto; and the matter cannot properly be raised by allowing the questions to be answered, and then moving to exclude the answers.

2. INDICTMENT AND INFORMATION ⊕⊃191(9)—ROBBERY INCLUDES LARCENY AND ASSAULT AND BATTERY.

The offense of robbery includes the other offenses of larceny and assault and battery.

3. CRIMINAL LAW ⊕⊃829(1)—REQUESTS COVERED PROPERLY DENIED.

The refusal of requests covered by other charges is not error.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Preston Johnson was convicted of robbery, and he appeals.   Affirmed.

M. B. Grace, of Birmingham, for appellant.

Counsel discusses the error assigned and the charges refused, but in view of the opinion it is not deemed necessary to here set it out.

J. Q. Smith, Atty. Gen., for the State.

No brief reached the Reporter.

MERRITT, J.   [1] The defendant was tried and convicted of the offense of robbery, and sentenced to the penitentiary for a term of 10 years.   Several exceptions were reserved to the ruling of the trial court in permitting the introduction and exclusion of certain evidence, but it appears that no objections were made to the questions asked, nor motions made to exclude the answers, until after the evidence was in as to any particular part thereof; then defendant's counsel moved to exclude the same.   This is not in keeping with the rule that requires that specific objection should be made to each objectionable question, and motion made to exclude the answer thereto.   Owing, however, to the magnitude of the offense charged against the defendant in this case, we have considered the several objections raised to the ruling of the court on the introduction and exclusion of certain evidence, and find

———

⊕⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 204 Ala. 91.

there is no merit in the appellant's contention.

~[2] There was ample evidence on the part of the state to submit the case to the jury as to whether the defendant was guilty of the offense charged, that is, of robbery, or the other offenses 'embraced in such a charge, viz. larceny and assault and battery. Thomas v. State, 91 Ala. 34, 9 South. 81.

[3] The record shows that written charge numbered 1, complained of by the defendant, on account of the refusal of the court to give the same, was not in fact refused, but given, and error, perchance, having been made in preparing the record to show this a given charge, when in fact it was refused. The same proposition, however, is embodied in another written charge, unnumbered, given at the request of the defendant.

The defendant further complains of the refusal of the court to give written charge numbered 9, which charge appears in the record to be also marked No. 1. The same proposition in this charge is embodied in two or three written charges given at .the request of the defendant and also in the court's oral charge; and, this being so, the trial court will not be put in error for refusing to give the same.

We have examined the record, the judgment and conviction appear to be regular, and, there being no error, the judgment is affirmed.

Affirmed.